UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HILAND PARK UNITED
PENTECOSTAL CHURCH,

    Petitioner,

v.                              Lead Case No. 5:19cv194-MCR-MJF

GUIDEONE ELITE INSURANCE
COMPANY,

    Respondent.
_____/

FIRST PENTECOSTAL CHURCH
OF PANAMA CITY, INC.,

    Petitioner,

v.                              Case No. 5:19cv196-MCR-MJF

GUIDEONE ELITE INSURANCE
COMPANY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    These consolidated cases are before me on referral from the District Court for a report and recommendation regarding the pending Notice of Filing Bills of Costs

Lead Case No. 5:19cv194-MCR-MJF

by Guideone Elite Insurance Company (Guideone), which I will treat as a motion for taxation of costs. ECF 48. Plaintiffs each filed an action for declaratory judgment in state court seeking a determination as to whether an insurance policy issued by Guideone covered certain losses to their property. Guideone removed the actions to federal court, invoking the court's diversity jurisdiction. ECF 1. The cases were then consolidated. ECF No. 16. The district judge ultimately ruled that a policy exclusion barred coverage of the losses. Following the district judge's ruling, Guideone filed its Bills of Costs.

As costs, Guideone seeks to recover, among other items, the two $400.00 filing fees attendant to removal of the cases to this court. ECF 48-1, pp. 1, 3. Plaintiffs object to recovery of the filing fees, arguing "[i]t would be inequitable to require (plaintiffs) to pay for the elective and discretionary costs" of removal. ECF 49. In support, plaintiffs cite their limited financial resources. Plaintiffs do not, however, cite any case or statute suggesting costs of removal should not be taxed.

The question, then, is whether 28 U.S.C. § 1920(1) allows recovery of costs of removal. The Eleventh Circuit does not appear to have addressed this issue. Nevertheless, several unreported district court cases in Florida have spoken to the point and are in agreement that costs of removal should be taxed. *See Somethings*

*Fishy Enters., Inc. v Atl. Cas. Ins. Co.*, 2019 WL 8438710 (S.D. Fla. 2019); *Romero v. Regions Fin. Corp.*, 2019 WL 5212614 (S.D. Fla. 2019); *Newman v. Housing Auth. of the City of Ft. Lauderdale*, 2007 WL 315098 (S.D. Fla. 2007). As stated by the Southern District, "Section 1920 authorizes the prevailing party to tax all 'fees of the clerk' against the nonprevailing party. This necessarily includes the filing fees incurred when a defendant removes an action from state court to federal court." *Somethings Fishy*, 2019 WL 8438710.

Although the Eleventh Circuit has not directly addressed the issue of taxation of costs of removal, it has addressed (and rejected) the equitable argument plaintiffs raise here. *See Chapman v. A1 Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (instructing that district courts "should not consider the relative wealth of the parties" when awarding costs). In the Eleventh Circuit's view, to follow the point advanced by plaintiffs "would unduly prejudice parties with assets and undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor." *Id.*

For the reasons set forth above, the undersigned finds costs should be taxed against plaintiffs.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Guideone Elite Insurance Company's motion for taxation of costs

(ECF No. 48) be **GRANTED**.

2. That costs be taxed against Plaintiff Hiland Park United Pentecostal Church in the amount of $466.20.

3. That costs be taxed against Plaintiff First Pentacostal Church of Panama City, Inc. in the amount of $486.20.

4. That the clerk be directed to tax such costs and close the file.

At Pensacola, Florida, this 19th day of April, 2021.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**